511 So.2d 91 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
Lawrence E. DAVIS, Defendant-Appellant.
No. CR86-1256.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
Louis Vogt, Jonesville, for defendant-appellant.
Ronnie O. McMillin, Asst. Dist. Atty., Vidalia, for plaintiff-appellee.
*92 Before LABORDE, YELVERTON and CULPEPPER[*], JJ.
YELVERTON, Judge.
Defendant pleaded guilty to one count of distribution of marijuana, a violation of R.S. 40:966(A)(1), and was sentenced to imprisonment for three years at hard labor and fined $500, R.S. 40:966(B)(2). He appeals and assigns as error the excessiveness of the sentence and the failure of the judge to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1.
On December 17, 1985, Davis sold a ten dollar bag of marijuana to an undercover sheriff's deputy. This was the basis for the charge of distribution of marijuana. The defendant pleaded guilty. The court obtained a presentence investigation report. At sentencing, the court reviewed the sentencing guidelines of Article 894.1 one by one. The court found no undue risk that defendant would commit another crime if the sentence was suspended or probated. Also, the sentencing judge found that Davis was not in need of correctional treatment or a custodial environment. There were a number of mitigating factors mentioned: the court particularly found that defendant's character and attitude indicated that he was unlikely to commit another crime and that he was particularly likely to respond to probationary treatment. The court also took into account information on the presentence report that defendant had no prior criminal record. Nevertheless, a three year (out of a possible 10) hard labor sentence was imposed because the sentencing judge thought that this type of criminal conduct causes or threatens serious harm, and that a lesser sentence would deprecate the seriousness of this type of crime. The court said:
"I find in people that sell marijuana ... that that is a particular, in my opinion a serious crime. If people didn't sell it, people wouldn't use it. Did the defendant's conduct cause or threaten serious harm? I'm going to say it did. Somebody is going to receive harm because of the use of marijuana, and I believe anybody who has been listening to the radio and television and reading the paper over the last five or ten years knows that."
The sentencing court also declared, "I don't suspend them on distribution."
The purpose of the statutory sentencing guidelines requiring the trial court to state for the record the considerations taken into account and the factual basis for its conclusions in imposing sentence, is to insure that each sentence is individualized to the offender and the offense. State v. McDonald, 414 So.2d 735 (La.1982). It has been decided that a judge fails to impose an individualized sentence in regards to a violation of the controlled dangerous substances law when he concentrates on the pervasiveness of drugs in society or allows his personal feelings toward the crime to interfere with his duty. State v. Bourgeois, 406 So.2d 550 (La.1981); State v. Stroud, 438 So.2d 1172 (La.App. 3rd Cir. 1983).
In the present case we can only conclude from the sentencing reasons that the prevalence and seriousness of marijuana distribution and the trial court's personal attitude and policy regarding this offense dictated the sentence. These were inappropriate factors to consider and the result was that the punishment was not individualized to this defendant. State v. Bourgeois, supra; State v. Stroud, supra. We do not condemn the trial court's reasons for sentence, nor the philosophy underlying those reasons. We say only that the expressed reasons are not consonant with the statutory guidelines as interpreted in the jurisprudence.
In its appellate brief the State asserts that the defendant had been convicted of a felony theft in 1983. There is no mention of that conviction in the presentence report and no other evidence of it in the record. We cannot consider that possible conviction in reviewing this sentence. The trial judge was under the impression at the time of the sentencing that defendant had a clean criminal record.
*93 Because of the inappropriate factors considered by the trial court as revealed by its expressed reasons for sentencing, we cannot affirm the sentence; it seems excessive. On the other hand, there is a possibility that the defendant is a second felony offender and, if that is the case, he is ineligible for a suspended sentence. If in fact the defendant pleaded guilty to a felony in January 1983, and is a second felony offender, that, along with how he discharged the sentence received then, are relevant considerations in determining the amount of the present sentence. It appears best that we remand this case to the trial court for resentencing, so that it can be determined if the defendant is a second felony offender, and how he discharged his first sentence. The trial court may wish to make a further evaluation of the sentencing guidelines. On resentencing, the trial court should also give consideration to the matters expressed in this opinion.
For the foregoing reasons, the sentence imposed on the defendant is set aside and the case is remanded for resentencing.
SENTENCE SET ASIDE; REMANDED FOR RESENTENCING.
NOTES
[*] Judge William A. Culpepper, Retired, Judge Ad Hoc.