| iPETERS, Judge.
The defendant, Phyllis Manuel, was tried by a jury and convicted of manslaughter in violation of La.R.S. 14:31. Thereafter, the trial court sentenced the defendant to serve twenty-five years at hard labor. She appeals this conviction and sentence and asserts two assignments of error:
1. The trial judge abused his discretion by deviating from the Sentencing Guidelines without complying with the mandatory requirements of La.Code CrimJP. art. 894.1.
2. Failure to investigate a familial relationship between a juror and the prosecutor rendered trial counsel’s assistance ineffective under the Strickland test.
FACTS
On November 8, 1992, the defendant shot and killed her husband, Michael ^Manuel, at their home in Ville Platte, Louisiana. The couple had been drinking most of the afternoon, and by early evening the defendant had provoked an intense argument with the victim. When the argument began, the couple was sitting on their porch. Then as the argument escalated, the defendant proceeded into the house and armed herself with a .45 caliber pistol which the couple kept in a drawer.
Michael Manuel had followed her into the home and, when he observed that the defendant had obtained the pistol, began to struggle with the defendant to disarm her. At some point during the struggle, the defendant produced a second weapon, a .25 caliber pistol. As the struggle continued, the defendant fired the .25 caliber pistol and the bullet entered the back of the victim’s head. The victim was transported by ambulance to the emergency room of the Humana Hospital in *140 Ville Platte, where he was pronounced dead on arrival. The defendant was initially charged with second degree murder, a violation of La.R.S. 14:30.1, but this charge was changed by grand jury indictment to manslaughter.
The record reflects that the defendant and her husband had been drinking and arguing and the physical altercation within the home occurred in the presence of two of defendant’s three minor children.
The defendant was tried by a jury and found guilty of manslaughter. She was sentenced to serve twenty-five years at hard labor. She now appeals this conviction.
ANALYSIS
We will consider the second assignment of error first as it addresses the trial court procedure prior to sentencing. In her second assignment of error, the defendant contends she was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and La. Const, art. I, § 13 in that her | -¡attorney failed to investigate a familial relationship between a juror and the prosecuting attorney.
A claim for ineffective assistance of counsel is properly raised in an application for post conviction relief. State v. Burkhal-ter, 428 So.2d 449 (La.1983). Had the record contained evidence sufficient to decide this issue it could have been considered by this court since it was raised on appeal by an assignment of error. State v. Seiss, 428 So.2d 444 (La.1983). However, the portion of the trial concerning voir dire was not included in the record. Without the transcript of voir dire there is insufficient evidence with which to consider this issue. Therefore, this issue will not be decided on appeal but may be raised in an application for post conviction relief pursuant to La.Code Crim.P. art. 930.3 and 930.8.
The defendant’s remaining assignment of error asserts that the trial court abused its discretion in deviating from the Louisiana Felony Sentencing Guidelines without complying with the mandatory requirements of La.Code Crim.P. art. 894.1. This issue has been addressed by our supreme court in State v. Smith, 93-0402 (La. 7/5/94); 639 So.2d 237. In that case, the supreme court established the process of appellate review of a trial court’s use of the Louisiana Felony Sentencing Guidelines. The court explained:
(1) [W]hile a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.
14Id. at 240 (footnote omitted).
Therefore, our review necessitates two inquiries. The first inquiry is whether or not the trial court “considered” the Guidelines when determining sentence and whether or not it adequately stated for the record the considerations and factual basis taken into account; the second inquiry is whether or not the sentence imposed is unconstitutionally excessive.
In the case below, the trial court clearly stated that it carefully considered the pre-sentence investigation report as well as the sentencing guidelines analysis. The trial court noted that the sentencing guidelines report recommended incarceration for a minimum of sixty months and a maximum of ninety months at hard labor. In addition, the trial court considered an “Alternative Sentencing Plan” submitted by the defendant. This plan proposed a sentence of five years of active supervised probation with a two-year house arrest under electronic monitoring and 2,500 hours of community service. *141 The trial court rejected the alternate plan as it was not proportionate to the severity of the crime for which the defendant had been convicted.
Having determined that the trial court considered the Guidelines, we must then determine whether the trial judge adequately stated for the record the considerations taken into account and the factual basis for the imposition of sentence. We first note that the defendant’s sentence of twenty-five years is more than three times the maximum sentence recommended by the Sentencing Guidelines. We also note that it is no longer necessary for the trial court to further support such a sentence with aggravating and mitigating circumstances. Smith, 639 So.2d 237; State v. Williams, 94-736 (La.App. 3 Cir. 12/7/94); 647 So.2d 597. Still, aggravating and mitigating circumstances constitute part of the considerations which should be used in ^determining the appropriate sentence. Williams, 647 So.2d 597; La.Code Crim.P. art. 894.1(C).
In sentencing the defendant, the trial court stated the following considerations were taken into account in determining the appropriate sentence:
• That a lesser sentence than that imposed would deprecate the seriousness of the crime;
• That the sentence imposed is commensurate with the crime;
• That the sentence will act as a deterrent to others by making known the consequences of the use of dangerous firearms;
• That the defendant is “a threat, menace and a danger to society”;
• That the defendant “showed no remorse” for killing her husband; and
• That the defendant would “do the same thing again under similar circumstances.”
We consider all these conclusions to be appropriate considerations to deviate upward from the Guidelines if supported by a factual basis. In this case, however, the record contains no factual basis for these conclusions. Without such factual basis, we are unable to determine whether or not the sentence imposed is excessive. The trial court did state that the defendant is a first felony offender and that a lengthy sentence would be detrimental to her children. However, these are mitigating factors which do not justify an upward deviation from the Guidelines.
La.R.S. 14:31(B) provides that the maximum sentence for the conviction of the crime of manslaughter is forty years at hard labor. Where a sentence is imposed within the statutory limits, the trial judge is given wide discretion and the sentence will not be deemed excessive absent a manifest abuse of discretion. State v. Lobato, 603 So.2d 739 (La.1992); Williams, 647 So.2d 597. However, even a sentence that falls within the statutory limits may nevertheless be excessive under the | ^circumstances. State v. Sep-ulvado, 367 So.2d 762 (La.1979). A sentence is deemed excessive if it makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering or if it is grossly out of proportion to the severity of the crime such that it would shock our sense of justice. State v. Howard, 414 So.2d 1210 (La.1982); State v. Dorthey, 623 So.2d 1276 (La.1993).
In this case we determine that the trial court’s conclusions concerning the defendant being a “threat, menace and a danger to society” or showing “no remorse,” or being likely to commit the same crime do not constitute a sufficient factual basis to justify a deviation from the Guidelines of more than three times the recommended maximum sentence. The sentence imposed makes no measurable contribution to acceptable penal goals and is therefore a needless imposition of pain and suffering. Therefore, we set the sentence aside and remand the matter to the trial court for resentencing based on the factual analysis and in accordance with this opinion.
DISPOSITION
For the foregoing reasons, the sentence is vacated and set aside and the case is remanded to the trial court for resentencing pursuant to La.Code Crim.P. art. 894.1; *142 Smith, 639 So.2d 237; and the Louisiana Felony Sentencing Guidelines.
REVERSED AND REMANDED.