722 So.2d 31 (1998)
STATE of Louisiana
v.
Phyllis MANUEL.
No. CR98-0079.
Court of Appeal of Louisiana, Third Circuit.
October 28, 1998.
Raymond LeJeune, A.D.A., C. Brent Coreil, D.A., for State.
Frank Gerald DeSalvo, New Orleans, for Phyllis Manuel.
Before WOODARD, PETERS and GREMILLION, JJ.
PETERS, Judge.
In this appeal, we revisit the sentencing of the defendant, Phyllis Manuel, who was convicted by a jury of manslaughter, a violation of La.R.S. 14:31. The trial court initially sentenced her to serve twenty-five years at hard labor, and she appealed her conviction and sentence. This court vacated the sentence and remanded the matter to the trial court with instructions to resentence the defendant pursuant to La.Code Crim.P. art. 894.1; State v. Smith, 93-0402 (La.7/5/94); 639 So.2d 237; and the Louisiana Felony Sentencing Guidelines. See State v. Manuel, 94-1187 (La.App. 3 Cir. 5/3/95); 657 So.2d 138. On remand, the trial court sentenced the defendant to serve seventeen and one-half years at hard labor, and she has appealed asserting that the trial court has failed to comply with the instructions of this court in her resentencing proceedings by again failing to set forth a proper factual basis.
Our original opinion sets forth the factual background giving rise to the criminal charge, and reference is made to that opinion for the particulars thereof. The trial court originally sentenced the defendant to more than three times the maximum sentence recommended by the Louisiana Felony Sentencing Guidelines in effect at that time.[1] We remanded the case because, while the trial court did make some generalized statements *32 concerning the offense, it did not state for the record any factual basis for the generalized statements. Moreover, the few particularized statements made by the trial court concerning the sentence were applicable to any manslaughter crime. While the supreme court in Smith, 639 So.2d 237, recognized the right of the trial court to reject the Sentencing Guidelines, the discretion to do so was subject to the requirement that it state the factual basis for the imposition of the sentence. Specifically, the third circuit stated: "Without such factual basis, we are unable to determine whether or not the sentence imposed is excessive." Manuel, 657 So.2d at 141.
When the trial court resentenced the defendant on May 19, 1995, the Sentencing Guidelines were still in effect, and, technically, the resentencing should have been accomplished pursuant to those guidelines. A review of the record reflects that the trial court did not follow the instructions of this court but simply restated the reasons for the initial sentencing. However, in order to dispose of the issue before us, we need not consider whether the Sentencing Guidelines were followed because they were repealed shortly after this sentencing. Currently, the appropriate appellate review is under La.Code Crim.P. art. 894.1 as it now reads.
At the time the defendant was sentenced, La.Code Crim.P. art. 894.1 read as follows:
A. When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.
B. A court may impose a sentence, which includes incarceration or other significant sanctions, which is appropriate under the sentencing guidelines notwithstanding any limitation on probation or suspension of sentence under the provisions of Article 893.
C. The court shall state for the record the considerations taken into account, including any aggravating and mitigating circumstances which may be present, and the factual basis therefor in imposing sentence.
When the Sentencing Guidelines were repealed, La.Code Crim.P. art. 894.1 was amended to provide a series of factors to be considered by the trial court in sentencing. That Article now reads in pertinent part:
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if any of the following occurs:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The offender's conduct during the commission of the offense manifested deliberate cruelty to the victim.
(2) The offender knew or should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to extreme youth, advanced age, disability, or ill health.
(3) The offender offered or has been offered or has given or received anything of value for the commission of the offense.
(4) The offender used his or her position or status to facilitate the commission of the offense.
(5) The offender knowingly created a risk of death or great bodily harm to more than one person.
(6) The offender used threats of or actual violence in the commission of the offense.
(7) Subsequent to the offense, the offender used or caused others to use violence, force, or threats with the intent to *33 influence the institution, conduct, or outcome of the criminal proceedings.
(8) The offender committed the offense in order to facilitate or conceal the commission of another offense.
(9) The offense resulted in a significant permanent injury or significant economic loss to the victim or his family.
(10) The offender used a dangerous weapon in the commission of the offense.
(11) The offense involved multiple victims or incidents for which separate sentences have not been imposed.
(12) The offender was persistently involved in similar offenses not already considered as criminal history or as a part of a multiple offender adjudication.
(13) The offender was a leader or his violation was in concert with one or more other persons with respect to whom the offender occupied a position of organizer, a supervisory position, or any other position of management.
(14) The offense was a major economic offense.
(15) The offense was a controlled dangerous substance offense and the offender obtained substantial income or resources from ongoing drug activities.
(16) The offense was a controlled dangerous substance offense in which the offender involved juveniles in the trafficking or distribution of drugs.
(17) The offender committed the offense in furtherance of a terrorist action.
(18) The offender foreseeably endangered human life by discharging a firearm during the commission of an offense which has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and which, by its very nature, involves a substantial risk that physical force may be used in the course of committing the offense.
(19) The offender used a firearm or other dangerous weapon while committing or attempting to commit an offense which has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and which by its very nature, involves a substantial risk that physical force may be used in the course of committing the offense.
(20) The offender used a firearm or other dangerous weapon while committing or attempting to commit a controlled dangerous substance offense.
(21) Any other relevant aggravating circumstances.
(22) The defendant's criminal conduct neither caused nor threatened serious harm.
(23) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm.
(24) The defendant acted under strong provocation.
(25) There were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense.
(26) The victim of the defendant's criminal conduct induced or facilitated its commission.
(27) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.
(28) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime.
(29) The defendant's criminal conduct was the result of circumstances unlikely to recur.
(30) The defendant is particularly likely to respond affirmatively to probationary treatment.
(31) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
(32) The defendant has voluntarily participated in a pretrial drug testing program.
(33) Any other relevant mitigating circumstance.
C. The court shall state for the record the considerations taken into account and *34 the factual basis therefor in imposing sentence.
La.Code Crim.P. art. 894.1(A)-(C).
We cite the applicable provisions of the Article in full to allow a complete comparison between that which the trial court is statutorily mandated to do and that which was done in this case.
In sentencing the defendant the second time, the trial court made the following remarks:
The Court's sentence does indeed make a measurable contribution to acceptable penal goals in my way of thinking.
A young man shot to death in the back of the head is in this Court's opinion an offense of such severity that it's shocking to our civilized senses.
Under Criminal Code of Procedure, Article 894.1 the sentencing Court should consider the sentencing guidelines in determining [the] sentence to be imposed. This Court did exactly that.
Further, this Court has stated for the record, the considerations taken into account and the factual basis for imposing the sentence.
The Court does not have to support a sentence with aggravating and mitigating circumstances.
The factual analysis here is the glaringly obvious fact that you unlawfully shot a man to death occasioning [dire] and disastrous consequences which this Court adequately outlined in [its] initial sentence.
The killing of a human being by shooting him in the back of the head with all of [its] consequences, that is the shock, sorrow, grief, bereavement, and chagrin of the decedent's mother, brothers, sister and little children does not constitute the base or foundation for a 25 year sentence which practically everybody in this Courtroom knows will be reduced to approximately one-third by the parole board, then this Court is being put at a loss by the Court of Appeal.
The way things work you would actually serve approximately eight years on that 25 year sentence.
This Court wishes to state for the record that it is highly offensive to and against [its] considered judgment and conscious [sic] to have to resentence you madam.
When the jury found you guilty of the crime of Manslaughter, and I after having agonized over and fashioned an adequate, proportionate, sufficient, suitable and justice [sic] sentence of 25 years at hard labor the first time around.
Obviously, the jury did not believe that you were justified in extinguishing the life of [Michael] Manuel on November 8, 1992 by blowing a hole in the back of his head with a pistol.
The Legislature of Louisiana saw fit in 1991 to increase the sentence for Manslaughter from a maximum of 21 years to 40 years. I ask you isn't that what the people wanted? Does not an increase in the sentence reflect the desire of the citizens? Is it not the solemn will of the Legislature?
The peace loving, abiding and [sic] citizens of Evangeline Parish need some assurance that the killers will be adequately punished so that they can sleep at night without having nightmares.
Do the people want to revert to the law of the jungle where the strongest of the one who shoots prevail [sic], or do they want the one who criminally jumps outside the boundaries of the law and kills to be punished in proportion to the criminal offense that he or she has committed[.] The latter, I believe.
This Court did not impose the maximum sentence of 40 years when it sentenced you originally. It imposed a 25 year sentence, 15 years less than the maximum, a far cry from the maximum sentence.
Next time his mother goes to visit his grave she can put a copy of the Third Circuit Court of Appeal's remand order along with her wreath of flowers on the grave.
So therefore in accordance with the Court's of Appeal [sic] command that my factual basis was somehow insufficient, how I do not know, I resentence you Miss Manuel to 17½ years at hard labor.
*35 On both occasions when the defendant was sentenced, La.Code Crim.P. art. 894.1(C), by use of the word "shall," mandated that the trial court state both the considerations and the factual basis taken into account in the sentencing. See La.Code Crim.P. art. 5. The purpose of obligating the trial court to do so "is to insure that each sentence is individualized to the offender and the offense." State v. Davis, 511 So.2d 91, 92 (La.App. 3 Cir.1987). The reasons before us do nothing to fulfill that statutory mandate and constitute little more than the judge's personal feelings concerning the crime of manslaughter and the need for retribution. When a trial judge concentrates on his personal feelings toward the crime, he fails to impose an individualized sentence. "By concentrating on the pervasiveness of drugs in society, the trial judge failed to impose an individualized sentence." State v. Bourgeois, 406 So.2d 550, 554 (La.1981).
As was indicated in our first opinion, it is not the "considerations" requirement that is at issue but the "factual basis" analysis. When the first sentence was imposed, the trial court concluded that the defendant was "a threat, menace and a danger to society"; that she "showed no remorse" for killing her husband; and that she would "do the same thing again under similar circumstances." The commission of this crime, without more, is not a factual basis for such conclusions. We find nothing added to the comments of the court in the second sentencing proceeding that would satisfy the factual-basis requirement to assist this court in analyzing these conclusions.
Despite the failure of the trial court to adequately individualize the defendant's sentence, we find that an analysis under the current provisions of La.Code Crim.P. art. 894.1 requires affirmation of the currently-imposed sentence. As aggravating factors, we find that actual violence was used by the defendant in the commission of the crime; that the offense resulted in a significant permanent injury, i.e., the death of Michael Manuel; that a dangerous weapon was used in the commission of the crime; and that the defendant foreseeably endangered human life by using and discharging a firearm in the commission of an offense which has as an element the use of physical force. See La. Code Crim.P. art. 894.1(B)(6), (9), (10), (18), and (19).
In mitigation of the action of the defendant, we note that because of the nature of the altercation and the intoxicated condition of both the victim and the defendant, the trier of fact could have concluded that the defendant was provoked to act, that her actions were based in part on self-defense motives, and that the victim's conduct induced or facilitated the commission of the crime. See La.Code Crim.P. art. 894.1(B)(24)-(26). Additional factors favoring the defendant include the lack of a criminal history, the lack of evidence that the criminal conduct is likely to recur, the lack of evidence that she will not affirmatively respond to probationary treatment, and the excessive hardship her imprisonment will impose on her minor children. See La.Code Crim.P. art. 894.1(B)(28)-(31).
Balancing these factors, we are still left with a violent crime in which a sentence of less than imprisonment would deprecate its seriousness. See La.Code Crim.P. art. 894.1(A)(3). A human life was taken, and such action cannot be taken lightly. Therefore, without consideration of the trial judge's reasons (which we still find to be inadequate based on the law in effect at the time of sentencing), and based on an analysis of the factors currently present in La.Code Crim.P. art. 894.1, we affirm the sentence of seventeen and one-half years.
Having affirmed the sentence, this court still feels compelled to further address the trial court's approach to the sentence imposed. We first note that compliance with La.Code Crim.P. art. 894.1 is not an academic exercise. Among the benefits of the trial court's compliance is that the reviewing court becomes aware of the trial court's specific factual findings relied upon in the sentencing process. Such awareness provides the reviewing court with the trial court's credibility analysis as well as other factors which may not appear from the cold record. Mere conclusory comments are of no help and cause the reviewing court to evaluate the sentencing issue in a vacuum. This was particularly *36 the case when the Sentencing Guidelines were in effect because of the general language of La.Code Crim.P. art. 894.1 at that time.
Failure of the trial court to comply with its statutory obligation created such a vacuum that it necessitated the remand for resentencing. Despite the trial court's assertions to the contrary, it was not ordered to sentence the defendant to a lesser sentence, but to resentence her in compliance with the law. Without a factual basis to support the twenty-five-year sentence, "[t]he sentence imposed [made] no measurable contribution to acceptable penal goals and [was] therefore a needless imposition of pain and suffering." Manuel, 657 So.2d at 141. By the remand, the trial court was given the opportunity to establish the factual basis for its deviation from the Sentencing Guidelines in sentencing the defendant to twenty-five years.
Instead of taking that opportunity, the trial court resentenced the defendant to a lesser sentence and made comments concerning this court's opinion, which we feel compelled to address. Every person who becomes subject to imprisonment is entitled to judicial review of that action "based upon a complete record of all evidence upon which the judgment is based." La. Const. art. I, § 19. As to any judgment which imposes a sentence, that judicial review is to be performed by the proper appellate court. La. Code Crim.P. arts. 911 and 912(C)(1). This court, in reviewing a conviction, is performing its constitutional and statutory duty, and a reversal is not a commentary on the inadequacies of a particular lower court's abilities. However, this court expects that the lower court will respect the authority of this court and respond by following the instructions that may be imposed without seemingly personal attacks on the panel rendering the decision and without comments which have no apparent purpose other than to inflame the minds of the victim's relatives against the court and the system of justice.
While a trial court may disagree with the decision of this court, comments such as the trial court's remarks in this case are unnecessary, improper, and unprofessional. As stated in part in Canon 1 of the Code of Judicial Conduct:
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and shall personally observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved.
Even if the trial court found it "highly offensive" to resentence the defendant (and we find such feelings to be inexplicable), such comments in the record serve no purpose other than to unfairly damage the image of the judiciary in the public's eye. Further, the comment concerning placing this court's opinion on the grave of the victim is without any possible justification and would be considered "highly offensive" to any member of the judiciary, at any level of service. We consider that these comments were made in the heat of this apparently emotionally-charged case and were simply careless and regrettable comments of the trial court. Considering this to be the case, we do not expect to see such comments in the future.

DISPOSITION
For the foregoing reasons, the sentence of the defendant, Phyllis Manuel, is affirmed in all respects.
AFFIRMED.
NOTES
[1] The Louisiana Felony Sentencing Guidelines were repealed effective August 15, 1995, by Acts 1995, No. 942, § 3.