781 So.2d 780 (2001)
STATE of Louisiana
v.
Winifred T. SPENCER.
No. 00-01335-KA.
Court of Appeal of Louisiana, Third Circuit.
February 28, 2001.
*781 Phillip J. Haney, District Attorney, New Iberia, LA, Counsel for State of Louisiana.
Paula C. Marx, Louisiana Appellate Project, Lafayette, LA, Counsel for Winifred T. Spencer.
Court composed of DOUCET, Chief Judge, PETERS and AMY, Judges.
PETERS, J.
The defendant, Winifred T. Spencer, is before this court a second time, complaining of the manner in which the trial court imposed sentence on him. For the following reasons, we grant relief for the second time.
The criminal charge against the defendant arose from a one-vehicle accident which occurred in the early hours of October 18, 1997. In the accident, the defendant sustained severe personal injuries and a passenger, Joseph Toby, was killed. As the intoxicated driver of the vehicle, the defendant was charged with, and ultimately pled guilty to, the offense of vehicular homicide, a violation of La.R.S. 14:32.1. The trial court initially sentenced the defendant to serve fifteen years at hard labor, suspended all but three years of the sentence, and ordered that one of the three years be served without the benefit of parole, probation, or suspension of sentence. In suspending twelve years of the hard labor sentence, the trial court placed the defendant on five years supervised probation and ordered him to pay a $2,000.00 fine within one year after his release from incarceration. The trial court also imposed general and special conditions of probation on the defendant. The defendant appealed this sentence, asserting that the trial court erred in (1) ordering him to pay an undetermined amount of restitution and in allowing the probation officer to set the repayment schedule, (2) imposing an excessive sentence, (3) failing to give sufficient weight to mitigating factors in particularizing the sentence to him, and (4) imposing conditions of probation that were not reasonably related to rehabilitation.
In an unpublished opinion, this court vacated the defendant's sentence and remanded the matter to the trial court for resentencing. State v. Spencer, 99-1263 (La.App. 3 Cir. 3/1/00). In doing so, we noted that the trial court erred in ordering restitution without determining the amount of restitution due or the method of repayment and in ordering certain special conditions of probation. We also concluded that the trial court failed to comply with the provisions of La.Code Crim.P. art. 894.1(C) in that it did not state for the record the factual basis taken into account in sentencing the defendant and did not individualize the sentence to the defendant. In reaching those conclusions, we stated the following:
The defendant asserts that the trial court imposed an excessive sentence and, in doing so, failed to give sufficient weight to mitigating factors in particularizing his sentence.
Ruth Toby, the victim's mother, testified at the sentencing hearing. However, Ms. Toby's only comment to the trial court was that she was disappointed that the defendant had never approached her to tell her he was "sorry" for the accident. Other than that statement, Ms. Toby simply informed the trial court that she left the sentencing matter to "you and God." Glenda Toby, the victim's sister, also testified at the sentencing hearing. She echoed her mother's complaint that the defendant had never apologized for the incident before the day of sentencing.
The findings of the presentence investigation report ordered by the trial court *782 were confirmed by the defendant when he testified at his sentencing hearing. In 1992, the defendant was convicted of armed robbery and sentenced to serve five years at hard labor. He successfully completed his sentence and was released from parole in March of 1997. Seven months later, the accident giving rise to this conviction occurred.
The defendant also sustained extensive injuries in the accident. These injuries included a lower back injury and two fractured vertebrae in the upper back. The vertebrae fractures required surgical treatment and extensive rehabilitation, and the defendant remained totally disabled for approximately one year after the accident. According to the defendant, his extensive hospitalization prevented him from contacting the victim's family and expressing his feelings. As of the time of his sentencing, the defendant still had residual nerve damage in his left upper extremity and his lower back injury had not yet resolved itself.
Prior to the accident, the defendant was gainfully employed as a supervisor at Bayou Pipe Coating of New Iberia. When released by his physicians, the defendant immediately returned to work, but only for light-duty activity. At trial, he was still performing light-duty work for Bayou Pipe Coating.
The defendant has a ten-year-old daughter and a two-year-old son. Both children reside with him and his girlfriend in New Iberia, Louisiana. The girlfriend, who is the mother of both children, "do[es] part-time nursing," but the defendant testified that her employment is not sufficient to support the family and his income is required. At the time of sentencing, the defendant's income was approximately $600.00 every two weeks.
The victim was the defendant's close friend. During his testimony at the sentencing hearing, he did apologize to his victim's family, asked for their forgiveness, and requested the forgiveness of the court. He testified that he was with Toby on the night of the accident to keep him from continuing an altercation that had occurred earlier in the evening. In other words, he was actually trying to protect his friend. The presentence investigation report quotes the victim's wife as stating that she considered her husband's death an accident, that she opposed a jail sentence, and that the defendant had "suffered enough" as a result of his own injuries.
In this case, the trial court stated that it had reviewed the presentence investigation report and the victim impact statements. The trial court further stated that it had received communication from the defendant's employer to the effect that he was a "valued employee." Having heard the testimony of the defendant and the victim's mother and sister, the trial court made the following comments before pronouncing sentence:
The court has believed for a long time that the crime of Driving While Intoxicated is a lot more serious crime than anybody generally wants to acknowledge or admit. And of course, Vehicular Homicide, the crime that you pled guilty to is part of the DWI law. It's a crime that affects a lot of people, whether it's DWI, whether it's Vehicular Homicide, whether it [sic] Vehicular Negligent Injury or anything to do with a DWI affects a lot, affects a lot of people ultimately.
First of all, that kind of crime shows a complete disregard by the offender for the lives or safety of others. It puts people in danger of their lives and their safety and it dramatically *783 affects the lives of people who are affected by them. And all this is done simply because a person wants to feel good, wants to get his pleasure in drinking alcohol and wants to come ahead of everybody else's rights that he comes across in driving a vehicle after he's been drinking.
And in this case, of course you pled guilty to Vehicular Homicide which is the killing of a human being while operating a motor vehicle under the influence of alcohol. Your passenger is dead because you chose to drink and drive. His wife is without a husband because of your selfishness. His children are without a father for the same reason. His family members are without their loved one for the same reason. And all of this because you wanted to drink and you wanted to get in a car and drive after having consumed enough alcohol that you shouldn't have been in a vehicle to begin with. And all of this because you chose to pleasure yourself with alcohol and then get in a car and drive. So you've affected a lot of lives in addition to your own, in addition to your own family's and the family of the victim, of course, who will continue to suffer, as is probably your own family.
I think this is a terrible crime, and I think terrible crimes deserve punishment.
The penalty that may be imposed on one convicted of vehicular homicide is found in La.R.S. 14:32.1(B). On October 18, 1997, that penalty provision read as follows:[1]
Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall be imprisoned with or without hard labor for not less than two years nor more than fifteen years. At least one year of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court shall require the offender to participate in a court-approved substance abuse program or a court-approved driver improvement program, or both.
Thus, the defendant was sentenced to the maximum penalty of fifteen years, but that sentence was reduced significantly by the suspension of all but three years and by placing the defendant on supervised probation. The sentence imposed is within the statutory limits available to the trial court, yet a sentence may be reviewed for excessiveness even though it falls within the statutory range. See State v. Sepulvado, 367 So.2d 762 (La.1979). A trial court is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
The sentencing guidelines to be followed by the trial court are found in La.Code Crim.P. art. 894.1, which provides in pertinent part:
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of *784 imprisonment if any of the following occurs:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The offender's conduct during the commission of the offense manifested deliberate cruelty to the victim.
(2) The offender knew or should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to extreme youth, advanced age, disability, or ill health.
(3) The offender offered or has been offered or has given or received anything of value for the commission of the offense.
(4) The offender used his or her position or status to facilitate the commission of the offense.
(5) The offender knowingly created a risk of death or great bodily harm to more than one person.
(6) The offender used threats of or actual violence in the commission of the offense.
(7) Subsequent to the offense, the offender used or caused others to use violence, force, or threats with the intent to influence the institution, conduct, or outcome of the criminal proceedings.
(8) The offender committed the offense in order to facilitate or conceal the commission of another offense.
(9) The offense resulted in a significant permanent injury or significant economic loss to the victim or his family.
(10) The offender used a dangerous weapon in the commission of the offense.
(11) The offense involved multiple victims or incidents for which separate sentences have not been imposed.
(12) The offender was persistently involved in similar offenses not already considered as criminal history or as a part of a multiple offender adjudication.
(13) The offender was a leader or his violation was in concert with one or more other persons with respect to whom the offender occupied a position of organizer, a supervisory position, or any other position of management.
(14) The offense was a major economic offense.
(15) The offense was a controlled dangerous substance offense and the offender obtained substantial income or resources from ongoing drug activities.
(16) The offense was a controlled dangerous substance offense in which the offender involved juveniles in the trafficking or distribution of drugs.
(17) The offender committed the offense in furtherance of a terrorist action.
(18) The offender foreseeably endangered human life by discharging a firearm during the commission of an offense which has, as an element, the use, attempted use, or threatened use *785 of physical force against the person or property of another, and which, by its very nature, involves a substantial risk that physical force may be used in the course of committing the offense.
(19) The offender used a firearm or other dangerous weapon while committing or attempting to commit an offense which has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and which by its very nature, involves a substantial risk that physical force may be used in the course of committing the offense.
(20) The offender used a firearm or other dangerous weapon while committing or attempting to commit a controlled dangerous substance offense.
(21) Any other relevant aggravating circumstances.
(22) The defendant's criminal conduct neither caused nor threatened serious harm.
(23) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm.
(24) The defendant acted under strong provocation.
(25) There were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense.
(26) The victim of the defendant's criminal conduct induced or facilitated its commission.
(27) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.
(28) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime.
(29) The defendant's criminal conduct was the result of circumstances unlikely to recur.
(30) The defendant is particularly likely to respond affirmatively to probationary treatment.
(31) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
(32) The defendant has voluntarily participated in a pretrial drug testing program.
(33) Any other relevant mitigating circumstance.
In considering these sentencing factors, the trial court must "state for the record the considerations taken into account and the factual basis therefor in imposing sentence." La.Code Crim.P. art. 894.1(C). The purpose of obligating a trial court to do so "is to insure that each sentence is individualized to the offender and the offense." State v. Davis, 511 So.2d 91, 92 (La.App. 3 Cir. 1987). However, to comply with La. Code Crim.P. art. 894.1(C), the trial court is not required to "articulate every circumstance or read through a checklist of items." State v. Anderson, 95-1688, p. 4 (La.App. 3 Cir. 5/8/96); 677 So.2d 480, 483. Still, the record should sufficiently establish that the trial court adequately considered the guidelines of La. Code Crim.P. art. 894.1 in particularizing a defendant's sentence. Id.
In this case, the trial court made the following statement after it had sentenced the defendant:
The Court in imposing this sentence considers first of all that a probated sentence is not appropriate. That first of all the law requires a mandatory minimum sentence without *786 benefit of probation, parole or suspension of sentence. The Court feels that an additional sentence, in addition to that mandatory minimum is warranted in this case. The Court feels that there would be an undue risk that during any period of suspension of sentence or probation that another crime may be committed by the defendant. That the defendant is in need of correctional treatment and a custodial environment that can be provided most effectively by commitment to an institution, that this crime involves the use of a drug, namely alcohol, and that a lesser sentence would depreciate [sic] the seriousness of the defendant's crime.
While the trial court stated that it considered the factors set forth in La.Code Crim.P. art. 894.1(A), it did not state for the record the factual basis taken into account in sentencing the defendant. Importantly, it does not appear that the trial court individualized the sentence to the defendant. Particularly telling are the following comments by the trial court: "The Court has believed for a long time that the crime of Driving While Intoxicated is a lot more serious crime than anybody generally wants to acknowledge or admit. And of course, Vehicular Homicide, the crime that you pled guilty to is part of the DWI law.... I think this is a terrible crime, and I think terrible crimes deserve punishment. Therefore it is the sentence of the Court that you serve fifteen (15) years at hard labor...." (Emphasis added.) The comments concerning the severity of the offense and the need to punish for the offense constitute the trial court's personal feelings regarding the dangers of driving while intoxicated and do not demonstrate compliance with La.Code Crim.P. art. 894.1(C)'s purpose to insure that the sentence is individualized to the defendant and the offense. See State v. Manuel, 98-0079 (La.App. 3 Cir. 10/28/98), 722 So.2d 31. Therefore, we find merit in the defendant's assignments of error in this regard, and we vacate the sentence and remand for resentencing.
On remand, the trial court sentenced the defendant to serve fifteen years at hard labor; suspended all but three years; and placed the defendant on five years supervised probation, subject only to the general conditions of probation found in La.Code Crim.P. art. 895. After the trial court denied his oral motion to reconsider his sentence, the defendant again appealed his sentence, asserting that (1) the sentence is excessive and (2) the trial court failed to give appropriate weight to mitigating factors in particularizing the sentence to him.
When resentencing the defendant, the trial court stated:
All right, Mr. Spencer, for the reasons that I told you before, particularly as a result of the pre-sentence investigation and sentencing hearing, and the statements that were received by the Court at that time, I'm gonna sentence you to serve fifteen years at hard labor with the Department of Safety and Corrections. I'm gonna suspend all but three years of that sentence, giving you credit for time served to apply toward that sentence. And upon your release I will place you on five years supervised probation with the Department of Safety and Corrections, under the usual conditions of probation ofunder Article 895(pause)and(inaudible) ... that meet the requirements of any special conditions of probation as reflected in the opinion of the Third Circuit Court of Appeals.
In imposing this sentence, of course, the Court does take into consideration *787 the facts that were introduced at the sentencing hearing; theunder Article 894.1 the fact that there would be an undue risk during any period of suspension of sentence, or if the entire sentence were suspended that you would commit another crime; that the crime that you committed justifies the Court finding that you're in need of correctional treatment and a custodial environment that can be provided most effectively by commitment to an institution; that a lesser sentence will deprecate the seriousness of the crime; that the crime which you committed is deemed by the Louisiana Legislature to be a serious one by virtue of the penalty provision that was provided by the Legislature; and the fact that a person was killed as a result of your actions. All those are the factors that the Court has taken into consideration.
While the transcript is not clear concerning the conditions of probation imposed, the court minutes state that the trial court deleted "any request for special conditions as reflected in the opinion of the Third Circuit Court of Appeals." Additionally, the court minutes further note that, before our unpublished opinion was released, the trial court had amended the defendant's sentence to set the amount of restitution at $1,900.00. However, the original appeal record was not supplemented prior to the release of our opinion, and we became aware of this action only when presented with this appeal record.[2] In any event, the new sentence did not impose the same complained of conditions as did the first, and the only issue in this appeal is the length of the incarceration sentence imposed.
At issue in this appeal, as it was in the first appeal, is whether the trial court complied with the requirements of La. Code Crim.P. art. 894.1(C), which states that "[t]he court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." (Emphasis added). In the matter before us, the trial court simply stated that it took "into consideration the facts that were introduced at the [original] sentencing hearing," but the court did not state which facts. We concluded in the first appeal that the trial court failed to state the factual basis for the sentence, and we find nothing in the resentencing process that cured that defect. As stated in State v. Manuel, 98-0079, p. 6 (La.App. 3 Cir. 10/28/98); 722 So.2d 31, 35:
La.Code Crim.P. art. 894.1(C), by use of the word "shall," mandated that the trial court state both the considerations and the factual basis taken into account in the sentencing. See La.Code Crim.P. art. 5. The purpose of obligating the trial court to do so "is to insure that each sentence is individualized to the offender and the offense." State v. Davis, 511 So.2d 91, 92 (La.App. 3 Cir.1987).
Just as we found in Manuel, in the case before us, the trial court's emphasis on the "considerations" requirement does not in itself satisfy the "factual basis" requirement.
Louisiana Constitution art. I, § 20 prohibits "cruel, excessive, or unusual punishment." An excessive sentence is one in which "the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or... the sentence makes no measurable contribution to acceptable penal goals and therefore, is nothing more than needless *788 imposition of pain and suffering." State v. Hopkins, 96-1063, p. 6 (La.App. 3 Cir. 3/5/97); 692 So.2d 538, 541. As we stated in our first opinion, the trial court's wide discretion in imposing a sentence within statutory limits is subject to an abuse of discretion standard on review. Id. Additionally, "[i]f there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not require a remand for resentencing." Id.
The record before us contains a significant amount of factual evidence for the trial court to consider in sentencing the defendant. However, as is evidenced from our findings in our first opinion, much of that evidence is mitigating in nature. It is simply not clear from the information before us which factors the trial court relied on in determining that this crime justifies imposition of the maximum incarceration sentence. While it can be argued that the effect of the sentence imposed is significantly diluted by the trial court's suspension of all but three years, the defendant still faces its maximum effect if he does not respond affirmatively to supervised probation.
As we stated in Manuel, 722 So.2d at 35:
[C]ompliance with La.Code Crim.P. art. 894.1 is not an academic exercise. Among the benefits of the trial court's compliance is that the reviewing court becomes aware of the trial court's specific factual findings relied upon in the sentencing process. Such awareness provides the reviewing court with the trial court's credibility analysis as well as other factors which may not appear from the cold record. Mere conclusory comments are of no help and cause the reviewing court to evaluate the sentencing issue in a vacuum.
Our obligation on review is not to impose sentence but to remand to the trial court for resentencing. La.Code Crim.P. art. 881.4(A). If we choose to do so, we "may give direction to the trial court concerning the proper sentence to impose." Id. We do find it necessary to again set aside the defendant's sentence and remand this matter to the trial court for resentencing. In doing so, we also feel compelled to give the trial court direction in resentencing. However, we wish to make it clear that we do not necessarily require the trial court to impose a lesser sentence. Rather, we direct the trial court to resentence the defendant to a sentence it considers appropriate and, in doing so, to state for the record both the considerations and factual basis taken into account in the sentencing. We direct the trial court to specifically consider the grounds set forth in La.Code Crim.P. art. 894.1(B) based on the factual basis it determines applicable.
Having determined that we find it necessary to remand the matter for resentencing, we need not decide the assignments of error as submitted. However, given the record before us, we note that the defendant did not properly preserve for review the specific grounds asserted in his second assignment of error.
Immediately after resentencing, the following exchange took place between the trial court and the defendant's counsel:
BY THE COURT:
All right. Anything else, Ms. Broussard?
BY MS. BROUSSARD:
Yes. For the record, Your Honor, I'd move for a Reconsideration of the Sentence.
BY THE COURT:
All right, which will be denied.
Thus, the defendant raised no specific grounds for his request for reconsideration. *789 The supreme court stated in State v. Mims, 619 So.2d 1059, 1059-60 (La.1993):
Under Article 881.1 the defendant must file a motion to reconsider and set forth the "specific grounds" upon which the motion is based in order to raise an objection to the sentence on appeal. However, in order to preserve a claim of constitutional excessiveness, the defendant need not allege any more specific ground than that the sentence is excessive. If the defendant does not allege any specific ground for excessiveness or present any argument or evidence not previously considered by the court at original sentencing, then the defendant does not lose the right to appeal the sentence; the defendant is simply relegated to having the appellate court consider the bare claim of excessiveness. Article 881.1 only precludes the defendant from presenting arguments to the court of appeal which were not presented to the trial court at a point in the proceedings when the trial court was in a position to correct the deficiency.
The assertions raised in the defendant's second assignment of error were not raised in the reconsideration motion presented to the trial court, and he thus waived his right to raise these on appeal.

DISPOSITION
For the foregoing reasons, we vacate the defendant's sentence and again remand this case to the trial court for resentencing in a manner consistent with this opinion.
SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.
AMY, J., dissents.
NOTES
[1] Acts 1998, 1st Ex.Sess., No. 82, § 1, added a sentence to the end of La.R.S. 14:32.1, which reads as follows: "All driver improvement courses required under this Section shall include instruction on railroad grade crossing safety." Acts 1999, No. 1103, § 1, changed the maximum incarceration penalty from fifteen years to twenty years. However, a defendant must be sentenced in accordance with the penalty provision in effect at the time of the offense. State v. Smith, 96-1041 (La. App. 3 Cir. 2/5/97); 688 So.2d 1285.
[2] We do not have to consider whether the trial court had jurisdiction pursuant to La. Code Crim.P. art. 916 to take this action, because we set aside the entire sentence and remand for resentencing.