427 So.2d 1300 (1983)
STATE of Louisiana, State-Appellee,
v.
Cathy L. ROBERTS, Defendant-Appellant.
No. 15195-KA.
Court of Appeal of Louisiana, Second Circuit.
February 22, 1983.
Rehearing Denied April 7, 1983.
*1301 William R. Coenen, Jr., Rayville, for state-appellee.
Law office of J. Michael Small by J. Michael Small and Katherine S. Williamson, Alexandria, for defendant-appellant.
Before PRICE, JASPER E. JONES and NORRIS, JJ.
JASPER E. JONES, Judge.
Cathy L. Roberts pleaded guilty to three counts of theft in violation of LSA-R.S. 14:67. Two counts involved the theft of more than $500 and the third involved the theft of more than $100. After a pre-sentence investigation the defendant was sentenced to concurrent terms of 10 years at hard labor on the first two counts and two years at hard labor on the third count. Roberts appeals her sentences.
Defendant makes three assignments of error on appeal. She contends the district judge erred in:
1) imposing a constitutionally excessive sentence;
2) refusing to allow defense counsel an opportunity to review the pre-sentence investigation report; and

*1302 3) failing to follow the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
The thefts involved here occurred while appellant was employed by McConathy and Associates, an insurance agency, in Rayville, Louisiana. Appellant committed the thefts by writing checks in the amounts of $5,000.00, $3,704.50 and $175.00, on her employer's account.

Assignment # 2
Through this assignment of error appellant contends the district judge erred in refusing her counsel the opportunity to review the pre-sentence investigation report. She argues that this error was particularly damaging because the report contained at least one important inaccuracy.
The defendant must be given the opportunity to rebut substantially significant false information which is relied on by the trial court in imposing a heavy sentence. State v. Underwood, 353 So.2d 1013 (La.1977); State v. Trahan, 367 So.2d 752 (La.1978). This right is given effect by allowing defense counsel to examine the report prior to sentencing so that any false unfavorable information may be rebutted at the sentencing hearing. State v. Underwood.
The district judge at the sentencing hearing in response to defense attorney's request for a copy of the P.S.I. to review with his client, stated that he had reviewed the P.S.I. with defense attorney in chambers and there was no assertion made by the defense attorney that this was not true.
We have reviewed the P.S.I. and have noted that the only prejudicial information of any significance contained in it is references to other crimes allegedly committed by the defendant other than the three resulting in the sentences which we are now reviewing. The trial judge specifically questioned the defendant at the sentencing hearing about each of these other incidents of criminal activities referred to in the P.S.I.
The defendant responded to the court's inquiry about being charged for purchasing an automobile in Monroe with a forged check by stating she had not been charged with this offense. It is significant that she did not deny the fact that the incident occurred with the automobile as it was described in the P.S.I., but only pointed out that there had not been a formal charge placed against her as a result of the incident. In response to the judge's inquiry about her having been charged with theft in Caddo Parish which was set out in the P.S.I., the defendant admitted the theft but advised the judge that this incident occurred in July of 1981, whereas the P.S.I. had indicated that it occurred subsequent to the thefts with which we are here concerned, all of which took place in September and October of 1981. These inaccuracies established at the sentencing hearing were not extremely prejudicial to the defendant nor did they detract from the basic significance of the events revealed to the effect that the defendant was involved in a pattern of criminal activity other than the crimes for which she was then being sentenced.
We note that the defendant's attorney does not contend that she was not advised by the judge at the P.S.I. review of the incidents which the judge discussed with the defendant at the sentencing hearing. Nor does she contend that there was other inaccurate prejudicial information contained in the P.S.I. as revealed to her by the judge at the time of the P.S.I. review. It is further significant that at the time the judge denied the request for the copy of the P.S.I. he offered defendant an opportunity to contest any other information contained in the P.S.I. which she considered inaccurate, and the defendant did not respond to this opportunity by offering any statement that there were any other inaccuracies contained in the P.S.I.
The judge may properly consider evidence of other offenses in determining sentence where there is a showing that defendant perpetrated the other offenses. State v. Pierson, 296 So.2d 324 (La.1974); State v. Hatter, 338 So.2d 100 (La.1976).
*1303 The defendant admitted the incidents and corrected the inaccuracies related to them. Consideration of the incidents is not barred merely because of the inaccuracies. Therefore, the incidents could properly be considered by the trial judge.
We do not have here a P.S.I. which contains information of a grossly prejudicial nature which was false as was found in Underwood to require that the defense attorney be permitted to read the entire report. The trial judge had reviewed the contents of the report with the defense attorney and had questioned the defendant at the sentencing hearing about all prejudicial aspects of the report.
There has been no showing here made that would require the trial judge to permit the defense attorney to read the report in order to comply with the Underwood rationale. We find that the defendant was not prejudiced by the fact that her attorney was denied the opportunity to read the report and conclude that this assignment of error is without merit.

Assignment # 3
Through this assignment of error defendant contends that the district judge erred in failing to follow the sentencing guidelines set out in LSA-C.Cr.P. art. 894.1.
The trial judge need not articulate every aggravating and mitigating circumstance, however, the record must reflect an adequate consideration of the art. 894.1 guidelines. State v. Grey, 408 So.2d 1239 (La.1982).
The requirements of art. 894.1 are met when the trial judge states the considerations taken into account, and the factual basis therefore, in imposing sentence. State v. Donahue, 408 So.2d 1262 (La.1982).
Where the record clearly illumines the sentencing choice, the failure to fully comply with art. 894.1 does not invalidate the sentence. State v. Martin, 400 So.2d 1063 (La.1981); State v. Green, 409 So.2d 563 (La.1982).
At the sentencing hearing the district judge noted appellant's age and education. He also noted that she had no prior felony convictions. He referred to several other incidents of criminal activity by appellant. He further noted the large amounts involved in these thefts.
The district judge concluded that appellant was an inappropriate candidate for probation and that any sentence less than the one imposed would deprecate the seriousness of the crimes.
Though it appears that the district judge adequately stated the factors considered and the factual basis therefore to fully comply with art. 894.1 we need not rely solely on that finding because the record clearly illumines the sentencing choice.
The record shows that all three factors listed in art. 894.1 A as grounds for imposing imprisonment are present.
The information elicited from the defendant at the sentencing hearing shows she had been guilty of other thefts in addition to the one on which she was being sentenced. This shows an undue risk that appellant would commit more crimes if given a suspended sentence or placed on probation. This inability to refrain from criminal activity also illustrates appellant's need for correctional treatment.
The three thefts involved here amount to more than $8,500. The magnitude of these thefts requires a substantial term of imprisonment to avoid deprecating the seriousness of the crimes.
In appellant's favor we, as did the district judge, note that these are her first convictions. We further note that it does not appear that these offenses caused any risk of physical injury.
The factors listed in C.Cr.P. art. 894.1 B do not control the discretion of the trial court. State v. Jackson, 360 So.2d 842 (La. 1978).
As the record clearly illumines the district judge's sentencing choice the sentences cannot be invalidated for failure to fully comply with C.Cr.P. art. 894.1 even were there such a failure.
This assignment of error is without merit.

*1304 Assignment # 1

Through this assignment appellant contends that her sentences are excessive and, thus, in violation of LSA-Const. Art. 1 § 20.
The trial judge has wide discretion in the imposition of a sentence within statutory limits and that sentence should not be set aside as excessive in the absence of a manifest abuse of that wide discretion. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Jacobs, 383 So.2d 342 (La.1980).
A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering: to determine whether a penalty is grossly disproportionate to the crime the court considers the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
A sentence may be both within the statutory limits and constitutionally excessive. State v. Sepulvado.
The sentences imposed here are within the statutory limits. They are very near the maximum penalties allowed in that the only additional penalty which could have been imposed would have been fines. LSA-R.S. 14:67.
Through these three thefts appellant stole more than $8,500 from her employer. She was 30 years old at the time she committed the thefts. Appellant is a high school graduate and had attended college for approximately two years.
This case does not involve a thoughtless and insignificant crime of opportunity by a youthful and immature offender. Instead, we have a series of calculated thefts of large sums by a person of mature years. These are serious crimes by a responsible adult and demand stern punishment.
The penalties imposed are appropriate to both the offense and the offender. They are not so disproportionate as to shock our sense of justice.
This assignment of error is without merit.
For the foregoing reasons the sentences are AFFIRMED.