KNOLL, Judge.
Defendants, Henry Paul Prins and Fred Gowan Scheen, Jr. pleaded guilty to felony theft in excess of $500, a violation of LSA-R.S. 14:67. Defendants were sentenced to serve two years at hard labor in the Department of Corrections. Defendants appeal their sentences alleging that: (1) the court failed to comply with the sentencing guidelines provided by LSA-C.Cr.P. Art. 894.1; and, (2) their sentences are excessive. The cases were consolidated for appeal and we will render a separate decree in docket number CR88-635. 539 So.2d 849.
On February 18, 1987, defendants removed an outboard motor from a boat located in an area called Peaceful Valley, near Zwolle, Sabine Parish, Louisiana. Defendants sold the motor in DeSoto Parish. The motor was subsequently recovered.
Defendants were charged with three counts of felony theft involving three separate incidents of theft of outboard motors, a trolling motor, boats and trailers on February 18th, 19th and 21st, 1987. As part of a plea bargain agreement defendants pleaded guilty to one count of felony theft in excess of $500. Counts two and three were nolle prossed.
LSA-C.Cr.P. Art. 894.1 provides criteria to follow in imposing sentence and mandates that the trial court state for the record the considerations taken into account and the factual basis for its conclusions in imposing sentence to insure that each sentence is individualized to the offender and the offense. State v. McDonald, 414 So.2d 735 (La.1982). Even though the sentencing court need not articulate every aggravating and mitigating circumstance contained in Article 894.1, the record must reflect that adequate consideration was given to these guidelines in particularizing defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983).
Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court’s discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
The maximum penalty for felony theft in excess of $500 is imprisonment, with or without hard labor, for not more than 10 years, or may be fined not more than $3,000, or both. Defendants’ sentences fall within the statutory limits. However, even a sentence which falls within the statutory limits may violate defendant’s right against excessive punishment. State v. Cottingin, 496 So.2d 1379 (La.App. 3rd Cir.1986). The sentencing court’s rea *848 sons for imposition of a sentence are an important aid when we review a sentence for excessiveness. State v. Bourgeois, 406 So.2d 550 (La.1981).
In imposing sentence, the court stated, as to defendant Scheen:
"... [T]he Court finds it significant that you have within the year of 1987 plead [sic] guilty to two separate offenses.
* * *
I have considered your sentence in light of Article 894.1 of the Code and the mitigating factors therein and I feel that a lesser sentence than the one that I am going to impose would deprecate, that is, lessen, the seriousness of this offense.
[[Image here]]
... I think you are in need of correctional treatment.
Your past record indicates that, that you have not benefited [sic] apparently from your other involvements with the law....”
As to defendant Prins:
“Mr. Prins’ record indicates also that he is not a stranger to the court system.
[[Image here]]
According to the PSI, Mr. Prins does have minor children, but he is under no order to pay child support.... [A]ny contributions made by the subject is in irregular amounts at irregular intervals. The Court feels, based on that, the children would not suffer unduly if you were incarcerated, Mr. Prins.
[[Image here]]
And I think the seriousness of this offense would be mitigated if the Court imposed something other than a period of incarceration.
And I think you are in need of correctional treatment or custodial environment. ...
[[Image here]]
And something else that has troubled me in your case, Mr. Prins, when the — the officers always give [sic] the defendant an opportunity to make a statement, and if you said anything about being sorry for what you did, it doesn’t appear in this report. And that kind of bothers me....”
Defendants did not raise an objection to their sentences at the time of sentencing. However, no formal, contemporaneous objection at the time of sentencing is necessary to preserve the right of review of a sentence. State v. Grey, 408 So.2d 1239 (La.1982).
The record shows that before the imposition of sentence, the sentencing court considered the defendants’ past criminal records. Defendant Scheen is sixty years of age with three felony convictions; the last conviction occurred on April 21, 1987, post-dating the conviction before us. He is not eligible for probation. Defendant Prins is forty-four years of age with a long history of arrests. Although these charges did not end in conviction, it is obvious that defendant Prins is not a stranger to the court system.
Defendants argue that imposition of a prison term would impose an undue hardship on their children. Defendant Scheen and his wife are separated. They have three daughters and a son, and all of the children have attained the age of majority. Two of their daughters are married. Defendant Scheen lives with one daughter, who is twenty-eight years of age. His son is a student at LSU in Baton Rouge. Nothing was presented to show that incarceration would impose an undue hardship on the children.
Defendant Prins and his wife were divorced in 1985. They have two children, 18 and 16 years of age. Defendant Prins was not ordered by the court to pay child support, nor has he paid child support at regular intervals or in regular amounts. We find that the incarceration of defendant Prins would not impose undue hardship on his children.
The sentencing court has wide discretion in sentencing matters and the sentencing choice should not be disturbed absent an abuse of discretion. As part of the plea bargain agreement, the State recommended a sentence of 3 years. LSA-R.S. 14:67 provides for a penalty of not more than 10 *849 years, with or without hard labor, and a fine of not more than $3,000, or both. Defendants received a sentence of 2 years at hard labor with the Department of Corrections. This sentence is in the lower range of the permissible sentence, and lower than the sentence recommended by the State.
After a careful review, we find that the record fully supports the sentencing choice and that the sentencing court followed the guidelines of LSA-C.Cr.P. Art. 894.1. In view of the wide discretion granted a sentencing court in imposing its sentencing choice within statutory limits, we find the sentences particularized to the defendants and not so disproportionate to the crime committed as to shock our sense of justice. Therefore, we conclude that defendants’ sentences are not constitutionally excessive.
DECREE
For the foregoing reasons, the sentences of Henry Paul Prins and Fred Gowan Scheen, Jr., are affirmed.
AFFIRMED.