578 So.2d 1036 (1991)
STATE of Louisiana, Plaintiff-Appellee,
v.
Jude L. LeBLANC, Defendant-Appellant.
No. CR90-819.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1991.
*1037 Edward J. Marquet, Lafayette, for defendant-appellant.
J. Nathan Stansbury, Dist. Atty., Lafayette, for plaintiff-appellee.
Before STOKER, KNOLL, and KING, Judges.
KNOLL, Judge.
Defendant, Jude L. LeBlanc, was sentenced to 10 years at hard labor after entering a nolo contendere plea to theft of over five hundred dollars, by means of fraudulent conduct and misrepresentations, a violation of LSA-R.S. 14:67. As part of the plea agreement, the State dismissed another criminal charge against defendant of theft of over five hundred dollars. Defendant appeals, relying on two assignments of error.

FACTS
When the trial court accepted defendant's nolo contendere plea, it ordered the police reports of defendant's criminal activity entered as part of the record. Therefore, we have more facts available than we normally do in cases involving no trial. Defendant's criminal charges stem from an oil field investment scheme which cost five victims at least $121,500. Between January 1986 and February 1988 defendant individually told his victims he was purchasing valves from oil field suppliers and selling them to oil companies, such as Exxon and Phillips, for large profits. Defendant told some victims he was selling the valves to oil companies for use overseas, with the help from an uncle working for an oil company in Africa. Each valve cost $5000, and the amount of guaranteed profit varied according to the number of valves each victim helped defendant purchase. To "insure" the investments defendant gave each victim a postdated personal check and a promissory note. Defendant promised the victims that they would receive a return on their investments in a few weeks.
Defendant did not repay the victims the money they invested nor any of the guaranteed profits. It was later learned that defendant wrote some of the personal checks in 1988 on a bank account which was closed in 1987. One of the victims, Charles D. Abshire, initially invested $20,000 with defendant; although he received a $7000 partial repayment, defendant still owed him the balance of his investment. After his arrest, defendant admitted to another victim, Thomas Newland, that he lied when he said that he had an uncle working with Exxon in Africa. Defendant's arrest occurred after his victims filed criminal charges for the theft of their money.
In March 1989 defendant entered a written plea of not guilty to the criminal charges. On April 20, 1990, defendant withdrew his earlier plea and entered a *1038 plea of nolo contendere. During his Boykinization, defendant refused to admit guilt for the criminal charge of theft of over five hundred dollars. The trial court ordered a presentence investigation report and made the police reports part of the record.

COMPLIANCE WITH LSA-C.CR.P. ART. 894.1
Defendant argues that the sentencing court failed to articulate the aggravating and mitigating factors in concluding that defendant deserved the statutorily maximum sentence.
It is not necessary for the sentencing court to articulate every criteria of LSA-C.Cr.P. Art. 894.1; however, the record must reflect that the court adequately considered them in particularizing the sentence to the defendant. If there is an adequate factual basis for the sentence contained in the record, the sentencing court's failure to articulate every circumstance listed in Article 894.1 will not necessitate a remand for sentencing. State v. Cottingin, 476 So.2d 1184 (La.App. 3rd Cir. 1985), appeal after remand, 496 So.2d 1379 (La.App. 3rd Cir.1986).
As stated in Cottingin, supra at 1186:
"There are two underlying purposes of the codal requirement that the sentencing court articulate the specific reasons based on particular facts and considerations for imposing a sentence. First, it ensures that the sentence is particularized to the defendant.... In addition, it aids the reviewing court in the determination of whether the sentence imposed is excessive by providing an actual indication of whether the sentencing court adequately considered the statutory guidelines." (citations omitted.)
In the case sub judice, the presentence investigation report and police reports establish that defendant has a lengthy criminal record involving theft and issuing worthless checks. These reports indicate that defendant has been involved in other schemes to defraud individuals; in Vermilion Parish alone, defendant, a former employee of an oil field supply company, has civil judgments against him which total in excess of $500,000.
Prior to these criminal charges, defendant had two felony theft convictions for which he received suspended sentences and supervised probation on the condition that he would make restitution. At the time of his sentencing in the present case, defendant was delinquent on his payments for restitution on these prior convictions.
The presentence investigation report presents limited mitigating factors. Soon after sentencing, defendant's wife was expecting the birth of their first child. In the sentencing colloquy, the sentencing court stated that it reviewed the mitigating factors but found nevertheless that a severe sentence was appropriate.
Even though the sentencing court's reasons for sentencing defendant are minimal, we find that the record presented more than adequate factual basis for the ten year sentence, and shows that the sentencing court considered the factors of LSA-C. Cr.P. Art. 894.1.
This assignment of error is without merit.

EXCESSIVENESS OF SENTENCE
Defendant next contends that the imposition of a 10 year sentence constitutes an excessive sentence prohibited by the state and federal constitutions.
The defendant's sentence of ten years at hard labor is the maximum term of imprisonment for theft of over five hundred dollars. LSA-R.S. 14:67 B(1). The imposition of an excessive sentence is prohibited by both the state and federal constitutions. La. Const. Art. 1, Section 20, and U.S. Const.Amendment 8. The imposition of a sentence, although within the statutory limits, may violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime, or is nothing more than the needless imposition of pain and suffering. A sentence is considered *1039 grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock our sense of justice. State v. Reed, 409 So.2d 266 (La. 1982).
The trial court's reasons in imposing a sentence, as required by LSA-C.Cr.P. Art. 894.1, are an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Cann, 471 So.2d 701 (La.1985). The sentencing court is given a wide discretion in the imposition of sentence within statutory limits, and the sentence imposed by it should not be set aside as excessive in the absence of a manifest abuse of this discretion. State v. Cann, supra.
In its imposition of sentence, the sentencing court remarked, "It appears to me ... that what we are dealing with here is a career criminal. Pure and simple. Looking at the record of this individual, it is impressive, if one can use that term to a criminal record. There is a consistent pattern of such action. To such an extent that I think that there must be a severe sentence imposed upon him."
In the present case, defendant entered a nolo contendere plea to stealing $121,500 from five individuals, using fraudulent conduct and misrepresentations. The record presented to the sentencing court established that defendant stole much more than this amount from other victims. State v. Lemelle, 502 So.2d 130 (La.App. 3rd Cir.1987), stands for the proposition that it is proper for the sentencing court to consider a defendant's other criminal activities which did not lead to a conviction or led to conviction on a lesser charge.
Since 1987, defendant was convicted in Lafayette Parish of issuing worthless checks, reduced from forgery, and sentenced to six months in the parish jail, suspended, and placed on one year's unsupervised probation. Shortly thereafter, defendant was convicted in Vermilion Parish of felony theft, amended from the issuance of worthless checks of over $140,000, and sentenced to 7 years at hard labor, suspended, and placed on 5 years supervised probation with the condition that defendant make restitution. Finally, during the time between defendant's plea in the case sub judice and his sentencing, defendant was sentenced in Vermilion Parish on numerous charges, including theft, issuing worthless checks, and forgery. On three counts of theft defendant received 10 years at hard labor on each count, suspended, and 5 years supervised probation with special conditions. On the two counts of forgery, one count of theft, and issuing worthless checks, defendant received 10 years hard labor on each count, concurrent, but consecutive to the other theft charges. This sentence was suspended and defendant was placed on 5 years supervised probation with special conditions, one of which was restitution of $95,000. Other charges against defendant were pending in Jefferson Davis Parish.
Maximum sentences are reserved for the most egregious offenders. In the case sub judice, even for the short time defendant was on probation, defendant continued his schemes to fraudulently obtain money from innocent victims. Probation has been ineffective, and defendant has failed to make restitution as required as a condition for his probation.
The police reports establish that defendant never intended to honor his guarantee of profits, let alone return his victim's investments. Furthermore, he lied when he told his victims that his uncle was in the oil field business in Africa, and compounded his scheme by issuing his personal checks on a closed bank account.
Defendant never stated where the hundreds of thousands of dollars were that he took from his victims. Defendant's sole statement about the disposition of the stolen money was that he gave the money to a "guy" whom he refused to identify.
Additionally, in judging the excessiveness of a sentence, the appellate court may consider the benefits a defendant receives from a plea bargain. State v. Lanclos, 419 So.2d 475 (La.1982). In the present case, defendant benefited when the State dismissed *1040 another charge of theft of over $500 when defendant entered his plea of nolo contendere.
After thoroughly reviewing the record, we find that the sentencing court was justified in imposing the maximum sentence upon defendant. Defendant was only 29 years of age when he was sentenced in the case sub judice, yet, in less than 5 years, he had committed a series of felony thefts, forgeries, and issuing worthless checks. The sentencing court's characterization of defendant as a career criminal is well supported by his criminal record and his extensive activities of stealing hundreds of thousands of dollars through fraudulent oil field investment schemes.
This assignment of error lacks merit.

DECREE
Defendant's sentence is affirmed.
AFFIRMED.