799 So.2d 1255 (2001)
STATE of Louisiana
v.
Laurie M. FONTENOT.
No. 01-0540.
Court of Appeal of Louisiana, Third Circuit.
November 7, 2001.
*1256 Raymond J. Lejeune, Asst. District Attorney, Mamou, LA, Counsel for Plaintiff/Appellee State of Louisiana.
John Larry Vidrine, Ville Platte, LA, Counsel for Defendant/Appellant Laurie M. Fontenot.
Court composed of NED E. DOUCET, JR., Chief Judge, and HENRY L. YELVERTON and GLENN B. GREMILLION, Judges.
GREMILLION, Judge.
The defendant, Laurie M. Fontenot, pled guilty to one count of theft of United States currency in excess of $500 in violation of La.R.S. 14:67. She was sentenced to ten years at hard labor, with three years suspended, and five years active probation upon release from prison or parole. As a condition of probation, she was ordered to pay restitution to the victim. She now appeals claiming that the maximum sentence is excessive and unduly harsh. For the following reasons, we reverse and remand.

FACTS
Between January 1991 and December 1999, Defendant systematically misappropriated monies from her employer, Dr. Gardnel A. Sylvester, M.D., in the amount of $54,833.85. During that time, Defendant worked for Dr. Sylvester as an office manager. Dr. Sylvester became aware of the problem after one of his patients complained that Defendant refused to give him a receipt for cash he paid to the doctor's office for services. It was subsequently discovered that Defendant would schedule patients for their shots on a day when neither Dr. Sylvester nor his wife were in the office. When Defendant received cash payments, she would keep the money and not give the patient a receipt. It was also discovered that an additional $15,000 in medicare bills were never collected because they were not filed by Defendant, and the time period for filing these claims had expired. Further, Dr. Sylvester had to pay $9,650 to have an audit done to determine the exact amount of the thefts.

EXCESSIVE SENTENCE
As her sole assignment of error, Defendant alleges that under the circumstances of the case the imposition of a maximum sentence was unduly harsh. Defendant contends that, because she had no prior criminal record and was in a position to pay a substantial part of the restitution to Dr. Sylvester within a short period of time, she was a candidate for rehabilitation. Thus, she claims that the sentence imposed served no purpose other than to constitute an excessive, cruel, and heartless punishment. We agree.
Defendant was convicted of a violation of La.R.S. 14:67, which provides for a maximum sentence of imprisonment, with or without hard labor, for not more than ten years, or a fine of not more than $3,000, or both.
Defendant received the maximum sentence of imprisonment. A maximum sentence is generally reserved for those cases involving the most serious violation of the offense and the worst type of offender; however, even a sentence that is within the statutory limits may violate a *1257 defendant's right against excessive punishment. State v. Cottingin, 496 So.2d 1379 (La.App. 3 Cir.1986).
"In light of the criteria expressed by [La.Code Crim.P. art.] 894.1, a review for excessiveness of an individual sentence should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision." State v. Texada, 98-1647, pp. 19-20 (La.App. 3 Cir. 5/5/99); 734 So.2d 854, 865. In sentencing a defendant, the trial court must specifically state for the record the considerations taken into account and the factual basis for the sentence. La. Code Crim.P. art. 894.1(C).
In State v. Blackmon, 99-391, p. 7 (La. App. 3 Cir. 11/3/99); 748 So.2d 50, 53-54, writ denied, 99 3328(La.4/28/00); 760 So.2d 1174, we said:
Although not all aggravating and mitigating factors listed in Article 894.1(A) must be referenced by the sentencing judge, the record must affirmatively reflect that adequate consideration was given to codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983).
In State v. Manuel, 98-0079 (La.App. 3 Cir. 10/28/98); 722 So.2d 31, 35, we stated:
La.Code Crim. P. art. 894.1(C), by use of the word "shall," mandated that the trial court state both the considerations and the factual basis taken into account in the sentencing. See La.Code Crim.P. art. 5. The purpose of obligating the trial court to do so "is to insure that each sentence is individualized to the offender and the offense." State v. Davis, 511 So.2d 91, 92 (La.App. 3 Cir.1987).
At the sentencing hearing in the case at hand, the trial court stated:
I've looked at this case from, from both sides. She's a young woman, I understand the family. I also understand what the victims have gone through over here. It's hard for this Court to make a decision, it really is, but yet I am going to do it. I'm going to take the bull by the horns this morning and I'm going to impose a sentence that I think is fair and equitable under the circumstances, she's not going to like it. I don't know if the victims are gonna like it neither but this is what I'm going to do. I've considered everything and this is my sentence. Ten years at hard labor, I suspend three of the years. Upon her release from prison or making parole, I place her on active supervised probation for a period of five years....
In State v. Scheen, 539 So.2d 846 (La. App. 3 Cir.1989), the defendants, who each were convicted of one count of felony theft in excess of $500, were sentenced to serve two years at hard labor. They complained that their sentences were excessive. Looking to see if the record supported the sentences, this court noted that, "[t]he sentencing court's reasons for imposition of a sentence are an important aid when we review a sentence for excessiveness." Id. at 847-848. This court found that the trial court enumerated several factors, including the defendants' significant past criminal histories, their marital statuses, the ages of their children, whether the children would be impacted by their incarcerations, and whether lesser sentences would deprecate the crime. In the instant case, the trial court enumerated nothing more than Defendant was a young woman.
In State v. Jones, 546 So.2d 1343 (La. App. 3 Cir.1989), the defendant, who was convicted on four counts of felony theft, was sentenced to seven years on each count, to run concurrently. This court found that the sentences were not excessive in the light of the eighty-four other counts of theft dismissed by the state pursuant to a plea agreement. The defendant, a proprietor of an insurance agency, systematically accepted money from her *1258 clients over an extended period of time without forwarding the funds to an insurance company for issuance of the expected policies. The eighty-eight victims were defrauded of over $125,000. This court said:
In articulating reasons for sentencing, the court noted the lack of a prior criminal record and the fact that the victims were not physically harmed as factors in mitigation. However, the court noted that the victims in no way induced appellant's conduct and emphasized the unlikelihood of restitution. The court noted prior allegations of misconduct by appellant at a different insurance company. The judge felt appellant's unwillingness to admit full responsibility for the thefts indicated a possibility of recidivism and further established that appellant represented a poor probationary risk.
Id. at 1345-1346. In the case sub judice, the amount taken by Defendant was substantially less and no charges were dismissed.
In State v. LeBlanc, 578 So.2d 1036 (La. App. 3 Cir.1991), the defendant, who was convicted of one count of felony theft in excess of $500, was sentenced to the maximum term of ten years at hard labor. The defendant alleged his sentence was unduly harsh under the circumstances of the case. A review of the record showed that the defendant had stolen by means of fraud an amount in excess of $500,000 over a three-year period. The record further established that defendant had been convicted several times of felony theft and had been placed on probation, but continued his fraudulent activity even after he was convicted on the instant offense and was awaiting sentencing. In affirming the sentence, the court found the sentencing court was justified in imposing the maximum sentence upon the defendant noting that while the defendant was only twenty-nine years old, he had committed a series of felony thefts, forgeries, and issuing worthless checks. In our case, Defendant had no criminal history and the amount taken was about one tenth the amount taken in LeBlanc.
The defendant in State v. McKinnie, 33,175 (La.App. 2 Cir. 3/1/00); 755 So.2d 367, argued that her maximum sentence of ten years on a conviction of felony theft was excessive because none of her past offenses were crimes of violence. She further argued that she was high on crack cocaine at the time of the offense. The court held that defendant's sentence was not excessive noting that she had been arrested seventeen times in eighteen years and had been convicted in ten theft-related cases. Likewise, in State v. Daigle, 96-782 (La.App. 5 Cir. 1/28/97); 688 So.2d 158, writ denied, 97-597 (La.9/5/97); 700 So.2d 506, the defendant claimed that his sentence of ten years at hard labor for a conviction on one count of felony theft was excessive. The defendant was an accountant, who was employed as a comptroller for a large corporation. Over a ten-year period, he embezzled an estimated $600,000 from the corporation. He had no prior criminal activity and made partial restitution to the victim. He asserted that he was not a "most egregious" offender, deserving of the maximum sentence. Our colleagues on the fifth circuit wrote:
In imposing sentence, the trial judge noted the great economic loss suffered by the victim company and stated that a lesser sentence would deprecate the seriousness of the offense ... The trial judge also noted that prior to his trial on the instant offense, defendant jumped bond and fled to Nevada.
The court noted defendant's criminal record (a 1969 misdemeanor conviction for obscenity and a 1982 misdemeanor conviction for criminal mischief, reduced from a charge of crime against nature) *1259 and indicated the decision was also influenced by the fact that the instant offense was actually an ongoing series of criminal acts for which the state could have brought several individual charges.
Id. at 159-160. The court found that the imposition of defendant's maximum sentence was supported by the record and that the sentence was not excessive in light of the facts of the case. Again, both of these cases are easily distinguishable from the case at hand.
Finally, we think it is appropriate to mention the case of State v. Roberts, 427 So.2d 1300 (La.App. 2 Cir.1983), where the appellate court found two concurrent maximum sentences of ten years for two convictions of felony theft of more than $500 to not be excessive. In that case, the defendant was also convicted of one count of theft of more than $100, for which she received a sentence of two years at hard labor. The defendant had engaged in a series of thefts wherein she stole more than $8,500 from her employer. While the facts of that case are similar to the facts of the case at hand, it is also readily distinguishable. For example, in that case, the trial court made a finding that the defendant was an inappropriate candidate for probation and that any sentence less than the one imposed would deprecate the seriousness of the crimes. Accordingly, we shall not rely on it for guidance in this case.
Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime. "A sentence is considered grossly disproportion if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock our sense of justice." State v. LeBlanc, 578 So.2d 1036, 1038-1039. The factors supporting the sentences in the above cited cases were, with the exception of Roberts, much more egregious than were the factors in the instant case. In this case, the trial court referred to the pre-sentence report and stated: "[T]he pre-sentence is certainly unfavorable towards [Defendant]." We disagree. The pre-sentence report revealed that Defendant was thirty-four years old, a single mother of two young children, a high school graduate, with a continuous employment history, and had no prior criminal history. The report did not recommend prison time; rather, it indicated that she would respond in a positive manner to probation supervision. She has attempted to pay a part of the restitution ($2,000.00), albeit on the date of sentencing. The amount of the theft involved, while quite substantial, was significantly less than the amounts involved in Jones, Daigle and LeBlanc. Further, this was not a crime of violence, and Defendant claims that she would be able to pay a substantial part of the restitution (possibly $20,000 to $30,000) in a short period of time.[1]
We also note that the presentence investigation report shows that Dr. Sylvester and his wife were of the opinion that Defendant needed some type of mental help, but that she needed some jail time even if she pays restitution. While the State argues that this theft was not a one time occurrence, but a well planned, premeditated, and continuous event, the trial court did not take any note of this in its sentencing of Defendant. Rather, the trial court seemed to rely on the presentence investigation report in making its decision, and it made no comments regarding Article 894.1 considerations and the factual basis it took into account in individualizing Defendant's sentence.
*1260 We find that the presentence investigation report does not support a maximum sentence in this instance. We agree with Dr. Sylvester that Defendant should be required to serve a jail term even if she makes restitution. We also agree with the state that this crime was a well planned, premeditated, and continuous event that warrants a substantial sentence, but that it does not involve the most serious violation of the offense nor is Defendant the worst type of offender. As such, the maximum sentence is so disproportionate to the crime and punishment as to shock our sense of justice, and it inflicts nothing more than needless pain and suffering.
Therefore, we find, that in light of the presentence investigation report and the lack of findings by the trial court that Defendant was an egregious offender or that the crime was the most serious of its kind, the sentence was excessive. As such, we reverse the ten year maximum sentence and remand to the trial court for resentencing noting that a substantial sentence should include both a prison term and probation in which restitution be made a condition shall be appropriate.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find that there is one error patent. The trial court failed to establish a payment schedule for the restitution ordered to Dr. Sylvester, in addition to the court costs assessed and the amounts ordered to be paid to the victim's fund, Indigent Defender Board, and District Attorney. The trial court's failure to do so in this matter requires that the case be remanded with instructions that the trial court specify a payment schedule. See State v. Dean, 99-475 (La.App. 3 Cir. 11/3/99); 748 So.2d 57, writ denied, 99-3413 (La.5/26/00); 762 So.2d 1101. Therefore, on remand, the trial court shall specify a payment schedule for Defendant while she is on probation.

CONCLUSION
For the foregoing reasons, we reverse Defendant's sentence of ten years at hard labor, three of which were suspended, and remand the matter to the trial court for resentencing consistent with our opinion. Further, the trial court shall specify a payment schedule for Defendant while she is on probation.
REVERSED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] In the presentence investigation report, Defendant claimed that she would receive this amount from her share of her ex-husband's retirement benefits.