NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-849

STATE OF LOUISIANA

VERSUS

MARTIN P. BROUSSARD

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 07-K-1481-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

CONVICTIONS AFFIRMED.
SENTENCES VACATED AND REMANDED FOR RESENTENCING.

Earl B. Taylor
27th JDC District Attorney
Jennifer Ardoin
Assistant District Attorney
P. O. Drawer 1968
Opelousas, LA 70571
(337) 948-0551
COUNSEL FOR APPELLEE:
        State of Louisiana

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**P. O. Box 2806**
**Monroe, LA 71207**
**(318) 388-4205**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Martin P. Broussard**


**Martin P. Broussard**
**South Louisiana Correctional Center**
**3843 Stagg Avenue**
**Basile, LA 70515**
**Pro Se**

**PICKETT, Judge.**

## FACTS

Because the defendant pled guilty to the charges, there is little in the record to indicate the facts of the case. Pursuant to the bill of information, on March 22, 2007, the defendant unlawfully entered the victim's home with the intent to commit a felony within. According to a pleading filed by the defendant, the victim's purse was taken and later he was seen using her Sam's Club credit card. While inside the home, he attempted to force the victim to have sexual intercourse.

The defendant was charged with aggravated burglary of an inhabited dwelling, a violation La.R.S. 14:60, and attempted forcible rape, violations of La.R.S. 14:27 and 14:42.1. The defendant filed a motion to suppress videotaped statements he gave to the police. A hearing was held on March 31, 2010, following which the motion was denied. The defendant pled guilty as charged on May 25, 2010, but reserved his right to appeal the trial court's denial of the motion to suppress the statements. On the same date, the defendant was sentenced to twenty years on each count, to be served concurrently, and concurrently with any other sentence he was presently serving, with credit for time served. He did not file a motion to reconsider the sentence.

The defendant has perfected a timely appeal. He raises six assignments of error, five of which are pro se assignments.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR NUMBER ONE

The defendant argues that the trial court erred when it denied the Motion to Suppress the videotaped confession to the crimes charged. He asserts that the confession was a product of an unduly coercive atmosphere.

> Before the state may introduce a confession into evidence, it must demonstrate that the statement was free and voluntary and not the product of fear, duress, intimidation, menace, threats, inducements or promises. La. R.S. 15:451; La.C.Cr.P. art. 703(D); *State v. Simmons,* 443 So.2d 512, 515 (La.1983). If a statement is a product of custodial interrogation, the state additionally must show that the person was advised before questioning of his right to remain silent; that any statement he makes may be used against him; and, that he has a right to counsel, either retained or appointed. *Miranda v. Arizona,* [384 U.S. 436, 86 S.Ct. 1602 (1966)]. When claims of police misconduct are raised, the state must specifically rebut the allegations. *State v. Vessell,* 450 So.2d 938, 942-943 (La.1984). A trial court's finding as to the free and voluntary nature of a statement carries great weight and will not be disturbed unless not supported by the evidence. *State v. Benoit,* 440 So.2d 129, 131 (La.1983); *State v. English,* 582 So.2d 1358, 1364 (La.App. 2nd Cir.1991), *writ denied,* 584 So.2d 1172 (La.1991). Credibility determinations lie within the sound discretion of the trial court and its rulings will not be disturbed unless clearly contrary to the evidence. *Vessell, supra* at 943. When deciding whether a statement is knowing and voluntary, a court considers the totality of circumstances under which it is made, and any inducement is merely one factor in the analysis. *State v. Lavalais,* 95-0320, p. 6 (La.11/25/96), 685 So.2d 1048, 1053; *State v. Lewis,* 539 So.2d 1199, 1205 (La.1989); *State v. Thomas,* 461 So.2d 1253 (La.App. 1st Cir.1984), *writ denied,* 464 So.2d 1375 (La.1985).

*State v. Blank,* 04-204, pp. 9-10 (La. 4/11/07), 955 So.2d 90, 103, *cert. denied,* 552 U.S. 994, 128 S.Ct. 494 (2007).

Three officers were involved with the defendant's interrogation: Dustin Abshire, a detective with the Calcasieu Parish Sheriff's Office, Buford Clay Knight, a captain with the St. Landry Parish Sheriff's Office, and Richard Ortego, the lead investigator with the St. Landry Parish Sheriff's Office. All three officers testified at the suppression hearing. There was little factual testimony given by the officers. Detective Abshire was present because of some other unrelated charge outside of Calcasieu Parish. At the hearing, the three officers primarily identified

their voices on the taped interview. The videotape was reviewed by the participants and the trial court.

The defendant argues that during the interrogation, he was "told if he cooperated with the St. Landry Parish deputies, like he had with Abshire, they would help him. Martin was told at the same time he would not get forty or fifty years." He also claims that he was threatened that his wife would be arrested and his son placed in foster care if he did not cooperate.

After viewing the videotape, the trial court ruled:

> I would think the tape was about an [sic] hour – I think it started around 9:20, so the tape is about an [sic] hour and a half, and the Court listened to it and looked at it overall, the expressions in the tape, and the Court finds that there were no threats made in this case. The confession was free and voluntary. Accordingly, the Motion to Suppress is hereby denied. Of course the tape will have to be redacted if this matter, if this case goes to trial on those issues involving the other parishes. All right.

After reviewing the videotape, we agree with the trial court. The interview initiated at 11:09 in the morning. Captain Knight read the defendant his *Miranda* rights and asked the defendant if he would talk with them without an attorney present. The defendant signed a form acknowledging he had been given his *Miranda* rights and that he voluntarily agreed to talk with the officers. He was questioned primarily by Captain Knight and Deputy Ortego. They began the questioning by establishing how the defendant knew the victim. The defendant explained that in March of 2007, he and his wife had spoken with the victim at her house about a rental property she owned that they were interested in. The wife had dogs, however, and the victim did not want dogs in the house. The officers asked the defendant about the Sam's Club credit card which belonged to the victim. They advised him they had surveillance tapes showing that he used the card on several occasions in different parishes. They urged him to cooperate and to tell the truth.

3

The officers spoke in calm, soft voices and were respectful. They continuously told him that it would go easier on him if he cooperated. The defendant indicated his reluctance to speak because he could get forty or fifty years. Detective Absire told the defendant he would not get forty or fifty years, particularly if he cooperated and helped out the officers with the facts. They said that if he told the truth, they would tell the district attorney's office that he cooperated with them and it could possibly go easier on him. The officers asked him if his wife, Donna, was involved with the theft of the credit card. They reminded him that he should tell the truth because it would be a shame if they had to arrest her and she would be taken away from their young son. The possibility of the wife being arrested came up only twice during the interview. The officers kept reminding the defendant that he should tell the truth and get the matter over with so that he could start anew and watch his son grow up. Eventually, the defendant admitted he went to the victim's house with the intent to rob her and that while in the house, he attempted to have sexual intercourse with her. We find there was no undue coercion or intimidation. The officers' approach simply coaxed the defendant to tell them what occurred at the victim's house.

In *State v. Reynolds,* 45,674, pp. 3-4 (La.App. 2 Cir 11/3/10), 55 So.3d 136, 139, the second circuit stated:

> Although promises or inducements will void a defendant's confession, a mild exhortation to tell the truth, or an indication that if the defendant cooperates the officer will "do what he can" or "things will go easier," will not negate the voluntary nature of a confession. *State v. Thomas*, 30,490 (La.App.2d Cir.4/8/98), 711 So.2d 808, *writ denied,* 1999-0331 (La.7/2/99), 747 So.2d 8. Appeals to a defendant's emotions and/or religious beliefs typically do not render an ensuing confession involuntary. *State v. Blank*, 2004-0204 (La.4/11/07), 955 So.2d 90, *cert. denied*, 552 U.S. 994, 128 S.Ct. 494, 169 L.Ed.2d 346 (2007). *See also State v. Murray*, 546 So.2d 944 (La.App. 3d Cir.1989); *State v. Welch*, 448 So.2d 705 (La.App. 1st Cir.1984), *writ denied*, 450 So.2d 952 (La.1984).

4

In *Reynolds,* the defendant had committed two murders. The defendant was thoroughly *Mirandized* and twice invoked his right to silence, which the officers honored, but then the defendant initiated further conversations with the interviewing officers. During interrogation, the officers, who knew the defendant had admitted to his father that he had killed two people, reminded defendant that he was putting his father in the awful position of having to testify against his own son at trial. The officers further asked him if he preferred the electric chair or life in prison. The officers also mentioned that the defendant was suspected of being involved in another murder of a child and that he possibly would not make it out of Angola. Before the defendant finally confessed his crimes, one of the officers prayed with him. The second circuit noted that "[t]here is no showing that any statements made to the defendant during questioning were threatening, coercive, or intimidating. No promises were made to the defendant." *Id.* at 142. The court found that the confession was voluntarily made.

In a fifth circuit case, the defendant argued that his confession was involuntary because the officer made promises to him that they would tell the district attorney that he cooperated with them in exchange for the statements.

> However, the mere fact that a police officer tells a person in custody that prosecutors will be advised of any cooperation is not sufficient inducement to vitiate the free and voluntary nature of any statement. See, *State v. Jackson*, 414 So.2d 310, 312-313 (La.1982); *State v. Matthews,* 26,550 (La.App. 2 Cir. 12/21/94), 649 So.2d 1022, *writ denied*, 95-0435 (La.6/12/95), 655 So.2d 341; *State v. Lions*, 624 So.2d 436, 438 (La.App. 5 Cir.1993).

> Accordingly, we find that the trial court did not err in denying the defendant's motions to suppress statements on this basis.

*State v. Redditt*, 03-354, pp. 7-8 (La.App. 5 Cir. 10/28/03), 868 So.2d 704, 708, *writ denied,* 03-3484 (La. 4/8/04), 870 So.2d 268. *See also State v. Ardoin*, 10-1018 (La.App. 3 Cir. 3/9/11), 58 So.3d 1025, *writ denied,* 11-653 (La. 10/14/11),

74 So.3d 218, wherein this court did not find the defendant's statements were coerced when the officers told the defendant he needed to spare the child from further medical, psychological, and legal exams, and if he did so, the officers would try and work something out with the district attorney.

In the current case, the officers made no promises to the defendant to induce him to tell them he was responsible for the crimes. Nor did they threaten him if he did not cooperate. The officers spoke to him quietly and respectfully. There was no coercion in this case. The state met its burden of proving that the statements were voluntary, and the trial court did not err when it denied the motion to suppress the confession. There is no merit to this assignment of error.

## PRO SE ASSIGNMENTS OF ERROR

Defendant assigns five pro se errors as follows: 1) ineffective assistance of counsel, 2) invalid bill of information, 3) unlawful arrest, 4) illegal search and seizure, and 5) excessive sentence.

### Pro se assignment of error number one

The defendant asserts that defense counsel's performance was ineffective. He argues defense counsel failed to investigate the facts of the case and refused to file motions.

> In *Strickland*, the United States Supreme Court set out a two-prong test for proving ineffective assistance of counsel. *Strickland* [*v.Washington*], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Under *Strickland*, for a defendant to establish that he received ineffective assistance of counsel, he must show (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674. In addition to proving that defendant's attorney's representation fell below the standard of reasonableness, it is incumbent upon the defendant in the context of a guilty plea to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52,

59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *see also State v. Washington,* 491 So.2d 1337, 1338-39 (La.1986).

*State v. Montalban*, 00-2739, p. 5 (La. 2/26/02), 810 So.2d 1106, 1110, *cert. denied*, 537 U.S. 887, 123 S.Ct. 132 (2002).

> A claim for ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief, filed in the trial court where a full evidentiary hearing can be conducted, rather than direct appeal. *State v. McIntyre*, 97-876 (La.App. 5 Cir. 1/27/98), 708 So.2d 1071, 1075, *writ denied,* 98-1032 (La.9/18/98), 724 So.2d 753. When the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. *State v. Peart*, 621 So.2d 780, 787 (La.1993); *State v. McIntyre, supra.* Where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings under LA.C.Cr.P. arts. 924- 930.8. *State v. Rose,* 97-943 (La.App. 5 Cir. 1/27/98), 708 So.2d 1093, 1095, *writ denied,* 98-0673 (La.8/28/98), 723 So.2d 416.

*State v. Washington*, 03-1135, p. 15 (La.App. 5 Cir. 1/27/04), 866 So.2d 973, 983.

The defendant argues that defense counsel refused to investigate his claims of factual innocence. He states that the victim was not able to positively identify him and that even though he told defense counsel he was at work at the time of the offenses, counsel refused to obtain the necessary evidence to prove his alibi. He states that defense counsel refused to file motions. Accordingly, he had to file a prose motion to quash the bill of information and a motion to dismiss the case.

The defendant's pro se motion to quash was based on the same argument as the argument he presents on appeal in pro se assignment of error number two: invalid bill of information. As discussed below, there is no merit to this assignment. The motion to dismiss is essentially an argument that the evidence was insufficient to sustain the verdicts wherein a DNA analysis was flawed, the victim was not able to identify her attacker, and the videotape of the confession was tampered and altered to exclude the interviewing officers' threats made if the

7

defendant did not confess to the crimes. As for the remaining claims, there is nothing in the record to substantiate or refute the above list of ineffective assistance of counsel claims. Defense counsel filed the motion to suppress the confession, which, as established above, was correctly denied by the trial court. It is difficult to defend against a confession.

We find the record is insufficient to address the allegations. These issues would be more appropriately considered through post-conviction proceedings under La.Code Crim.P. arts. 924-930.8.

**Pro se assignments of error numbers two through four**

*2. Invalid bill of information*:

The defendant argues that the bill of information was invalid because a grand jury indictment was the correct vehicle in which to bring the charges against him. He cites BLACK'S LAW DICTIONARY as his source for this assertion. However, La.Code Crim.P. art. 382(A) and (B)(1) provides:

> A. A prosecution for an offense punishable by death, or for an offense punishable by life imprisonment, shall be instituted by indictment by a grand jury. Other criminal prosecutions in a district court shall be instituted by indictment or by information.

> B. (1) A prosecution for violation of an ordinance and other criminal prosecutions in a parish court shall be instituted by affidavit or information charging any offense.

The defendant further argues that there is another Martin Paul Broussard for whom he was mistaken and who was the actual perpetrator of the crimes for which he was convicted. He does not elaborate on this assertion.

8

*3. Unlawful arrest*:

The defendant states only that he was told that he was "going to the sheriff's department to take a statement, then interrogated Mr. Broussard without his lawyer present, and tricking him to sign a waiver to have counsel present believing he was not under arrest."

*4. Illegal search and seizure*:

The defendant asserts that his van was searched without a warrant. He makes no other assertion in this claim.

These three assignments of error are allegations without substantiation and have not adequately briefed. Accordingly, they are considered abandoned. Uniform Rules—Courts of Appeal, Rule 2-12.4. Furthermore, when the defendant pled guilty to the crimes charged, he waived any pre-plea non-jurisdictional defects. *See State v. Wilson*, 07-365 (La.App. 3 Cir. 10/3/07), 968 So.2d 776.

**Pro se assignment of error number five**

The defendant asserts that the two twenty-year sentences are excessive. The defendant was convicted of aggravated burglary, a violation of La.R.S. 14:60. The sentencing range for aggravated burglary is not less than one year and no more than thirty years at hard labor. The defendant was also convicted of attempted forcible rape. The sentencing range for the offense of forcible rape is no less than five years and no more than forty years, with at least two years to be served without the benefit of probation, parole, or suspension of sentence. La.R.S. 14:42.1. The attempt statute provides that in the case of a felony not punishable by death or life imprisonment, that the defendant "shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of

9

imprisonment prescribed for the offense so attempted, or both." La.R.S. 14:27(D)(3).

The defendant received a term of imprisonment of twenty years for the offense of aggravated burglary, two thirds of the potential term, and twenty years for the offense of attempted forcible rape, to be served concurrently with the first twenty-year sentence. The sentence for the attempted forcible rape in this case was the maximum sentence allowable by law.

Initially, we note the defendant did not file a motion to reconsider the sentence. Failure to file for reconsideration or to specify a specific ground precludes a defendant from "raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." La.Code Crim.P. art. 881.1(E). Accordingly, this court is limited to a "bare bones" review of excessiveness. *State v. Barling*, 00-1241, 00-1591 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331. In *Barling,* this court discussed the standard for reviewing excessive sentence claims:

> [Louisiana Constitution Article] I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*Id*. at 1042 (citations omitted).

We find that the record is insufficient to determine whether the sentences are excessive in this case.

The sentencing guidelines to be followed by the trial court are found in [Louisiana Code of Criminal Procedure] Article 894.1. In considering these guidelines, this court has held:

> [T]he trial court must "state for the record the considerations taken into account and the factual basis therefor in imposing sentence." La.Code Crim.P. art. 894.1(C). The purpose of obligating a trial court to do so "is to insure that each sentence is individualized to the offender and the offense." *State v. Davis*, 511 So.2d 91, 92 (La.App. 3 Cir.1987). However, to comply with La.Code Crim.P. art. 894.1(C), the trial court is not required to "articulate every circumstance or read through a checklist of items." *State v. Anderson*, 95-1688, p. 4 (La.App. 3 Cir. 5/8/96); 677 So.2d 480, 483. Still, the record should sufficiently establish that the trial court adequately considered the guidelines of La.Code Crim.P. art. 894.1 in particularizing a defendant's sentence. *Id.*

*State v. Spencer*, 00-1335, p. 7 (La.App. 3 Cir. 2/28/01); 781 So.2d 780, 785.

*State v. Smith*, 02-719, p. 1 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 787, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061. Moreover, as a general rule, maximum or near maximum sentences are to be reserved for the worst offenders and the worst offenses. *State v. Fontenot,* 09-1044 (La.App. 3 Cir. 5/12/10), 38 So.3d 1122, *writ denied,* 10-1758 (La. 8/19/11), 67 So.3d 1257.

In brief, the defendant argues that "[t]he Court gives absolutely no reasons for the excessive sentence whatsoever." The defendant pled guilty to the charged offenses on May 25, 2010, in a multi-person *Boykinization* hearing. He waived all time delays and was sentenced. There was no presentence investigation report. The trial court stated only:

> Alright. So, you've been notified about the sex offender registration. Alright. Regarding Count I-aggravated burglary-20 years at hard labor. Count II-attempted forcible rape-20 years at hard labor. Said sentences are to run concurrently with each other and concurrently with the time being served in docket number 599407 in the 14th JDC. Credit for time served on both of these counts from date of arrest. You have a right to seek post conviction relief which will

11

prescribe after the passage of two years when your sentence becomes final in any appellate or supreme court.

This court has held that it is unnecessary to remand a case for resentencing where the record clearly shows an adequate factual basis for the sentence imposed, even where there has not been full compliance with La.Code Crim.P. art. 894.1. *State v. Decuir,* 10-1112 (La.App. 3 Cir. 4/6/11), 61 So.3d 782. However, in the current case, there is very little in the record before this court that would indicate whether a maximum and a near maximum sentence are appropriate in this case. In *State v. Scheen*, 539 So.2d 846, 847-48 (La.App. 3 Cir. 1989), this court held that "[t]he sentencing court's reasons for imposition of a sentence are an important aid when we review a sentence for excessiveness." The record in the current case does not reveal what the offense was in Calcasieu Parish that resulted in the sentence referred to above. The facts of the current offenses are scarce. There is no victim's statement or police report. In the videotaped interrogation of the defendant, he indicated he was married and had a young son. He explained that on the night of the offenses, he was drinking alone, destitute and frustrated, so he went to the victim's home to rob her. He indicated that although he attempted to rape the victim, he could not perform.

We find that the record is insufficient to determine whether the sentences are constitutionally excessive and whether the defendant is the most grievous of offenders deserving of a near maximum and a maximum sentence. We hereby vacate the sentences and remand the matter to the trial court to resentence the defendant, articulating for the record the factual basis for the sentences.

## CONCLUSION

The defendant's convictions are affirmed. We find that the record does not contain sufficient evidence to fully explore a claim of ineffective

12

assistance of counsel. Accordingly, the claim is relegated to post-conviction proceedings under La.Code Crim.P. arts. 924-930.8. There is insufficient information in the record before this court to determine whether the defendant's maximum and near maximum sentences are constitutionally excessive under the circumstances of this case. Accordingly, we vacate the sentences and remand to the trial court for resentencing with instructions to articulate for the record the reasons for the sentences imposed.

**CONVICTIONS AFFIRMED.**
 **SENTENCES VACATED AND REMANDED FOR RESENTENCING.**